J-S53035-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONALD JAMES BAILEY, | |
| Appellant | No. 380 WDA 2014 |

Appeal from the Judgment of Sentence January 30, 2014
in the Court of Common Pleas of Fayette County
Criminal Division at Nos.: CP-26-CR-0000622-2013;
CP-26-CR-0001113-2013

BEFORE:  DONOHUE, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED SEPTEMBER 22, 2014**

Appellant, Ronald James Bailey, appeals *pro se* from the amended judgment of sentence entered pursuant to his negotiated guilty plea. Because the trial court failed to determine if Appellant voluntarily, knowingly, and intelligently waived his constitutional right to counsel on appeal, we remand.[1]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant pleaded guilty to three counts each of possession with intent to deliver a controlled substance (PWID) and possession of a controlled substance; and one count each of possession of drug paraphernalia, driving under the influence-general impairment (DUI), driving under a suspended license-DUI related (DUS), driving an unregistered vehicle, operating a vehicle without required financial responsibility, disregarding traffic lane, and careless driving,  **See** 35 P.S. §§ 730-113(a)(30), 780-113(a)(16), and 780-

*(Footnote Continued Next Page)*

On September 3, 2013, Appellant pleaded guilty pursuant to a negotiated guilty plea. On September 24, 2013, after finding Appellant RRRI[2] eligible, the court sentenced Appellant to terms of not less than eighteen nor more than forty-eight months for PWID, not less than nine months nor more than two years for DUI, and not less than two months, seven days nor more than ninety days on the DUS conviction. (**See** N.T. Sentencing, 9/24/13, at 9-13). All sentences were to run consecutively. On January 30, 2014, after advice from the Department of Corrections of a calculation error, the court filed an amended sentence. The amended sentence increased the RRRI minimum sentence on the PWID count to twenty months, increased the DUI minimum to ten months, and increased the DUS sentence to two months, fifteen days. (**See** Amended Sentence Order, PWID, 1/30/14; Amended Sentence Order, DUI, 1/30/14; Amended Sentence Order, DUS, 1/30/14).

Appellant, although still represented by appointed counsel, filed an otherwise timely *pro se* notice of appeal.[3] On March 7, 2014, the court ordered Appellant to file a Rule 1925(b) statement of errors complained of

_(Footnote Continued)_ ————————————

113(a)(32) and 75 Pa.C.S.A. §§ 3802(a)(1), 1543(b)(1.1), 1301(a), 1786(f), 3309(1), and 3714(a), respectively.

[2] **See** Recidivism Risk Reduction Incentive, 61 Pa.C.S.A. §§ 4501-4512.

[3] We give Appellant the benefit of the Prisoner Mailbox Rule. **See Commonwealth v. Jones**, 700 A.2d 423, 726 (Pa. 1997).

on appeal. (**See** Order, 3/07/14); **see also** Pa.R.A.P. 1925(b). On April 25, 2014, a month after the deadline to file a statement of errors had expired, Appellant's counsel filed a motion to withdraw on the basis that "reviewing his file and colloquy presented to the [c]ourt demonstrates no issues." (Motion to Withdraw, 4/25/14, at 1). On May 1, 2014, the court granted counsel's motion without a hearing and, on May 6, 2014, the court filed a Rule 1925(a) statement in lieu of opinion.[4] **See** Pa.R.A.P. 1925(a).

Appellant presents four issues for this Court's review:

1.    Is the [c]ommon [p]leas [c]ourt within it's [sic] power to amend, change, or alter, any facet of a [negotiated] plea sentence, *sua sponte*?

2.    Is the [c]ommon [p]leas [c]ourt within it's [sic] power to amend, change, or alter, any facet of a [negotiated] plea sentence, *sua sponte* after the 30 days dictated by statute, under Pa.C.S.[A.] § 5505, which clearly states: the courts [sic] jurisdiction extends for 30 days after the entry of a final order, beyond which time the court is divested of jurisdiction?

3.    Has [Appellant's] [c]onstitutional [r]ight to [d]ue [p]rocess been violated, in a criminal proceeding, where the [c]ommon [p]leas [c]ourt has violated [Appellant's] negotiated plea sentences by amending, changing, and/or altering the sentences that [Appellant] agreed to by foregoing trial, and accepting by entry of his guilty pleas, more than 30 days after the sentencing orders were entered?

_____

[4] The trial court represented that it could not "issue a complete opinion in this matter" because Appellant did not file a Rule 1925(b) statement of errors complained of on appeal. (Statement in Lieu of Opinion, 5/06/14, at 2).

4.     Is [Appellant] entitled to enter a plea of [n]ot [g]uilty and be granted a new trial in light of the numerous [f]e[d]eral and [s]tate [c]onstitutional [r]ights violations regarding the fact that [Appellant's] current [negotiated] pleas are illegal and thus entered into unknowingly and unwillingly[?]

(Appellant's Brief, at 6-7).

Before we consider the merits of Appellant's issues, we must determine whether Appellant knowingly, voluntarily, and intelligently waived his right to counsel and chose to proceed *pro se* with this appeal.

It is well-settled that the right to counsel on direct appeal is a constitutional one. **See Commonwealth v. Wrecks**, 931 A.2d 717, 722 (Pa.Super. 2007). However, an appellant "may, acting pursuant to the rules of criminal procedure, proceed on his own behalf." **Commonwealth v. Grazier**, 713 A.2d 81, 82 (Pa. 1998) (citations omitted). "When a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one." **Id.** (citations omitted).

In this case, while still represented by appointed counsel, Appellant filed a *pro se* notice of appeal. Although Appellant was not entitled to hybrid representation, **see Commonwealth v. Jette**, 23 A.3d 1032, 1035 (Pa. 2011), the court ordered him to file a Rule 1925(b) statement. In response, neither Appellant nor his counsel filed either a Rule 1925(b) statement of

errors or a statement of intent to file a brief pursuant to **Anders**/**Santiago**.[5] **See** Pa.R.A.P. 1925(b), (c)(4).

Instead, after the deadline for filing a Rule 1925(b) statement expired, counsel filed a motion to withdraw from representation, which the trial court granted without a hearing. (**See** Motion to Withdraw, 4/25/14, at 1; Order, 5/01/14). We are constrained to conclude that this was error.

The trial court failed to determine whether Appellant knowingly, intelligently, and voluntarily intended to waive counsel when he filed his *pro se* notice of appeal. **See Grazier**, **supra** at 82. Therefore, we remand this case for the trial court to conduct a **Grazier** hearing within thirty days of the date of this decision. **See id.**

If the court finds that the **Grazier** standard for a knowing, voluntary and intelligent waiver is not met, it shall appoint new counsel to proceed on Appellant's behalf. Counsel shall either file a *nunc pro tunc* Rule 1925(b) statement of errors[6] and an advocate's brief, or petition to withdraw in compliance with **Anders**/**Santiago**, and their progeny.

_____

[5] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

[6] "If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc*." Pa.R.A.P. 1925(c)(3).

Alternatively, if the court finds that Appellant's waiver is knowing, intelligent, and voluntary, then it shall order Appellant to file a *nunc pro tunc pro se* Rule 1925(b) statement of errors.

Case remanded.  Panel jurisdiction retained.